ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 22, 2008

The Honorable Beverly Woolley
Chair, Committee on Calendars
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0666

Re: Whether the Texas Association of Appraisal Districts is a "governmental body" for purposes of chapter 552 of the Government Code, the Public Information Act (RQ-0691-GA)

Dear Representative Woolley:

You ask whether the Texas Association of Appraisal Districts (the "TAAD") is a "governmental body" for purposes of chapter 552 of the Government Code, the Public Information Act (the "PIA").[1]

The PIA is applicable to information "collected, assembled, or maintained" by or for a governmental body. TEX. GOV'T CODE ANN. § 552.002(a) (Vernon 2004). Among the many definitions of the term "governmental body," the statute includes "the part, section, or portion of an organization, corporation, commission, committee, institution, or agency that spends or that is supported in whole or in part by public funds."[2] Id. § 552.003(1)(A)(xii). This definition of "governmental body" applies to a private entity when that entity either expends or is supported by public funds. See, e.g., Tex. Att'y Gen. ORD-602 (1992) at 5 (determining that the portion of the Dallas Museum of Art supported by public funds was a governmental body).

You indicate that the TAAD describes itself as a "statewide, voluntary non-profit organization incorporated and organized to promote the effective and efficient functioning and administration of appraisal districts in Texas." Request Letter, supra note 1, at 2; see also TEXAS ASSOCIATION OF APPRAISAL DISTRICTS, at http://www.taad.org (last visited on Sept. 16, 2008). You note that TAAD members include, inter alia, appraisal districts, as well as tax officials from school districts, cities, counties, state agencies, and other entities. Request Letter, supra note 1, at 2.

---

[1]Letter from Honorable Beverly Woolley, Chair, Committee on Calendars, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 26, 2008) (on file with the Opinion Committee, also available at http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]The term "public funds" is defined for purposes of chapter 552 of the Government Code as "funds of the state or of a governmental subdivision of the state." TEX. GOV'T CODE ANN. § 552.003(5) (Vernon 2004).

Moreover, TAAD members pay a fee for membership. Because that fee may derive from public funds collected by member governmental bodies, the question before us is whether the TAAD spends or is supported in whole or in part by public funds. If so, then it is, to that extent, a "governmental body" subject to the PIA.

The question of whether an entity is a governmental body under section 552.003(1)(A)(xii) was addressed by the court in *Kneeland v. National Collegiate Athletic Association*, 850 F.2d 224 (5th Cir. 1988). Finding "no dispositive Texas jurisprudence on [the] issue," the court examined attorney general opinions and "perceiv[ed] three distinct patterns of analysis":

> The opinions advise that an entity receiving public funds becomes a governmental body under the Act, unless its relationship with the government imposes "a specific and definite obligation . . . to provide a measurable amount of service in exchange for a certain amount of money as would be expected in a typical arms-length contract for services between a vendor and purchaser." [An] opinion informs that "a contract or relationship that involves public funds and that indicates a common purpose or objective or that creates an agency-type relationship between a private entity and a public entity will bring the private entity within the . . . definition of a 'governmental body.'" Finally, [another] opinion, citing others, advises that some entities, such as volunteer fire departments, will be considered governmental bodies if they provide "services traditionally provided by governmental bodies."

*Kneeland*, 850 F.2d at 228 (citations omitted). Thus, under the framework adopted by the *Kneeland* court, an entity receiving public funds is subject to the PIA *unless* its relationship with the governmental body imposes "a specific and definite obligation . . . to provide a measurable amount of service in exchange for a certain amount of money as would be expected in a typical arms-length contract for services between a vendor and purchaser." *Id.* In certain instances, it has been significant that the entity had a "common purpose or objective or [one] that creates an agency-type relationship" between the public and private entity; in others, it has been significant that the entity in question provided services that are "traditionally provided by governmental bodies." *Id.* The *primary* test, however, is whether the entity receives public funds for the general support of its activities, rather than using those funds to perform a specific and definite obligation. *See, e.g.*, Tex. Att'y Gen. Op. No. JM-821 (1987) at 2. If the public funds are used for general support, the entity falls within the definition of "governmental body" under section 552.003(1)(A)(xii) of the Government Code. *Id.*; Tex. Att'y Gen. ORD-228 (1979) at 2.

As noted in Attorney General Opinion GA-0603, these are factual inquiries. Tex. Att'y Gen. Op. No. GA-0603 (2008) at 4. In particular, the extent to which "an entity is 'supported'" by public funds, "requires an analysis of the facts surrounding each entity." *Id.* at 2 (quoting *Blankenship v. Brazos Higher Educ. Auth., Inc.*, 975 S.W.2d 353, 362 (Tex. App.—Waco 1998, pet. denied)). The Attorney General's opinion process is not conducive to the determination of questions of fact. *See*

Tex. Att'y Gen. Op. Nos. GA-0603 (2008) at 2, GA-0446 (2006) at 18. Moreover, such questions are properly addressed by the Attorney General under the PIA. When an entity that believes it is *not* a governmental body under the terms of the PIA receives a request for information, the entity should seek a ruling from the Attorney General's Open Records Division as to whether and to what extent, if any, the entity is actually a "governmental body." An entity that requests such a ruling does not thereby admit that it is in fact a governmental body. *See Blankenship*, 975 S.W.2d at 362.

## S U M M A R Y

Whether an entity is a "governmental body" under the Public Information Act, chapter 552 of the Government Code, depends largely upon whether that entity is supported in whole or in part by public funds. The extent to which an entity is supported by public funds requires an analysis of the facts surrounding each entity. Inquiries as to whether a particular entity is a governmental body are particularly appropriate to the Attorney General's open records process under the Public Information Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee